IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW OWENS, <br><br> Plaintiff, <br><br> v. <br><br> PLAINFIELD COMMUNITY CONSOLIDATED SCHOOL DISTRICT 202, JOBI BODI, <br><br> Defendants. | No. 23-cv-03913 <br><br> Judge John F. Kness |

**ORDER**

Defendants' motion to dismiss all counts for failure to state a claim (Dkt. 15) is granted in part and denied in part. Counts II and V are dismissed without prejudice and with leave to replead. Defendants' motion to dismiss is otherwise denied. Plaintiff is given leave to file an amended complaint on or before January 10, 2025. Defendants must answer or otherwise respond to any amended complaint on or before January 31, 2025. The hearing set for December 19, 2024 is stricken and will be reset by separate order. See accompanying Statement for details.

**STATEMENT**

**I.     Background**

Plaintiff Andrew Owens worked for Defendant Plainfield Community Consolidated School District 202 ("Plainfield"). (Dkt. 1 ¶¶ 1, 2, 6.) Plaintiff was employed as a wrestling coach for Plainfield North High School and was a substitute teacher. (*Id.* ¶ 6.) In November 2022, Plaintiff learned that a disabled freshman who was a member of the wrestling team was being bullied by other wrestlers. (*Id.* ¶ 8.) The bullying incident included the circulation of a fake photo of the disabled student with racial slurs superimposed on the photo. (*Id.*) This photo was widely circulated throughout the school. (*Id.* ¶ 9.) According to Plaintiff, the intent of the photo was allegedly not just to bully the disabled student, but also to denigrate Plaintiff. (*Id.* ¶ 10.)

Plaintiff discovered that two students created the fake photo and reported that fact to Defendant Bodi, the head wrestling coach of Plainfield North High School. (*Id.* ¶ 13.) Bodi advised Plaintiff to keep the bullying incident a secret. (*Id.*) Plaintiff refused, believing that the incident constituted bullying in violation of Illinois and federal law and because he believed it would violate his role as a mandatory reporter of bullying. (*Id.* ¶ 13.) Plaintiff reported the bullying incident to the Plainfield North Principal, Assistant Principal, and Dean. (*Id.* ¶¶ 14–15.) The two students responsible for the bullying were disciplined by the school. (*Id.* ¶ 16.)

As a result of Plaintiff reporting this incident, Bodi allegedly refused to allow Plaintiff to participate as a coach of the varsity wrestling team, only allowed him to coach junior varsity wrestling, racially harassed Plaintiff with emails and memos about him violating wrestling coaching rules, refused to speak directly with Plaintiff, intentionally failed to keep Plaintiff informed of the wrestling practice plans, and blocked Plaintiff from the wrestling team's social media accounts. (*Id.* ¶ 18.) Plaintiff says he was left with no choice but to resign as a wrestling coach. (*Id.* ¶ 19.)

In February 2023, the parents of the two students involved in the bullying incident contacted the school and claimed that Plaintiff lied about their children's involvement in the bullying. (*Id.* ¶ 20.) Plaintiff responded via email and said that he disagreed with the parents. (*Id.* ¶ 21.) Plaintiff alleges that, because of this conduct, Plainfield gave Plaintiff an unsatisfactory performance review. Plainfield banned Plaintiff from being a substitute teacher at Plainfield North High School and Ira Jones Middle School, but Plainfield allowed Plaintiff to substitute teach at other schools in the district. (*Id.* ¶ 22.) Plaintiff also says he spoke out publicly on social media about the fake photo incident and the alleged retaliation against him. (*Id.* ¶ 158.) Plaintiff filed a charge with the EOOC, which issued a right to sue letter. (*Id.* ¶ 7.)

Plaintiff then filed the present five-count Complaint. In Counts I and II, Plaintiff brings retaliation claims under the Illinois Whistleblower Act against Plainfield and Bodi. In Counts III and IV, Plaintiff brings racial harassment, discrimination, and retaliation claims against Plainfield. In Count V, Plaintiff brings a First Amendment retaliation claim against Plainfield.

## II.    Legal Standard

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual

2

allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

### III. Discussion

#### A. Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure applies the wrong standard.

Defendants state that, to survive a motion to dismiss, a complaint "must state sufficient facts or inferential allegations to support every material element necessary for recovery under the relevant legal theory." (Dkt. 16 at 3.) Defendants' categorical formulation of the standard governing motions to dismiss is not necessarily incorrect, but it could be read to overstate a plaintiff's pleading burden. As the Seventh Circuit has instructed, it is enough for a Plaintiff "to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) (internal quotation omitted). In other words, "[a] full description of the facts that will prove the plaintiff's claim comes later, at the summary-judgment stage or in the pretrial order." *Id.* Accordingly, a complaint is not required to "allege each element that the plaintiff eventually will need to prove," as that is a feature of code pleading, which was "abrogated when the Rules of Civil Procedure introduced notice pleading." *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1337 (7th Cir. 2024). For racial discrimination employment cases, " 'I was turned down for a job because of my race is all a complaint has to say.' " *Id.* (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)). With that standard in mind, the Court turns to the merits of Defendants' motion.

#### B. Count I: Plaintiff states a plausible claim under the Illinois Whistleblower Act against Plainfield.

In Count I, Plaintiff brings a claim against Plainfield Community Consolidated School District 202[1] under the Illinois Whistleblower Act (the "IWA"), 740 ILCS 174/5 *et seq.*, alleging that Plainfield violated the IWA by retaliating against Plaintiff after he reported the bullying incident. (Dkt. 1 ¶¶ 46–49.) Defendants move to dismiss Count I, arguing that internal complaints are not protected disclosures under the IWA and that failure to report the bullying was not unlawful within the meaning of the IWA. Defendants also argue that Plainfield is immune from liability under Section 2-201 of the Tort Immunity Act, which affords immunity from liability for injuries resulting from policy decisions.

---

[1] Plaintiff names Plainfield Consolidated Community School District 202 as a Defendant. Defendants point out, however, that the Board of Education of Plainfield Community Consolidated School District 202 is the proper Defendant. (Dkt. 16 at 1 n.1.) As did Defendants, the Court construes the complaint as brought against the Board of Education.

3

The Tort Immunity Act defense is premature. The Tort Immunity Act "is an affirmative defense that requires a fact-intensive inquiry that must be made on a case-by-case basis." *Gonzalez v. Elmwood Park Cmty. Unit Sch. Dist. No. 401*, No. 24 CV 2014, 2024 WL 3833945, at *3 (N.D. Ill. Aug. 15, 2024). Accordingly, dismissal at the pleading stage on immunity grounds is generally "inappropriate." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). That is because "[t]he mere presence of a potential affirmative defense does not render the claim for relief invalid." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). On the contrary, "a plaintiff may state a claim even though there is a defense to that claim." *Id.*

Plaintiff states a claim under the IWA. Section 15 of the IWA prohibits an employer from retaliating against an employee for "disclosing information to a government . . . agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15(b). Section 20 of the IWA prohibits an employer from retaliating against an employee "for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation . . . ." 740 ILCS 174/20. An employee "retaliated against in violation of sections 15 or 20 of the statute may bring a civil action against her employer . . . ." *Callahan v. Edgewater Care & Rehab. Ctr., Inc.*, 374 Ill. App. 3d 630, 632–33 (2007).

Defendants argue that the IWA does not apply because Plaintiff reported his issue internally within a government agency. Defendants' position is that internal complaints are not protected under the IWA, and that instead, complaints must be reported "out" to a governmental body. Plaintiff has the better position: the IWA applies to Plaintiff's internal government complaint. The leading case, *Brame v. City of N. Chi.*, found that a government employee has a cause of action under Section 15 of the IWA when the employee internally discloses unlawful activity. 2011 IL App (2d) 100760, ¶¶ 3, 8 (2011). Applying *Brame*, other courts in this District have reached the same conclusion. *See, e.g.*, *Molloy v. Acero Charter Schs., Inc.*, No. 19 C 785, 2019 WL 5101503, at *7 (N.D. Ill. Oct. 10, 2019); *Elue v. City of Chi.*, No. 16 CV 9564, 2018 WL 4679572, at *8 (N.D. Ill. Sept. 28, 2018).

Defendants also argue that Plaintiff did not sufficiently allege that the activity he was asked to participate in was unlawful. Defendants focus on Section 20 of the IWA, which requires the plaintiff to allege that he was retaliated against "for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation . . . ." 740 ILCS 174/20. Defendants argue that Plaintiff's allegation that Bodi told Plaintiff to keep the bullying incident a secret does not describe unlawful activity. According to Defendants, the Complaint does not allege that Plaintiff was a mandatory reporter of bullying under Illinois law. (Dkt. 16 at 5.) But the Complaint cites the Illinois Bullying Prevention statute, 105 ILCS 5/27-23.7, under which schools must implement a policy on bullying that includes procedures

4

for prompt reporting. Although the issue is close, the Complaint is sufficient at this stage to state a claim under Section 20 of the IWA.

As to Section 15 of the IWA, Plaintiff need only plausibly show he had "reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15. Plaintiff alleges that the underlying bullying incident violated Illinois and Federal law, including the Illinois Bullying Prevention statute prohibiting bullying on the basis of race. (*See* Dkt. 1 ¶ 15.) Plaintiff alleges he reported what he believed was unlawful bullying and was consequently retaliated against. That is sufficient to state a claim under Section 15 of the IWA.

### C. Count II: Plaintiff's IWA claim against Defendant Bodi is dismissed without prejudice.

In Count II, Plaintiff brings an IWA claim against Bodi,[2] the head wrestling coach. (Dkt. 1 ¶¶ 73–76.) Defendants argue first that Bodi, as an individual employee, cannot be liable under the IWA. But the authority cited by both sides shows that, under Illinois law, a supervisor such as Bodi could be considered an "employer" under the IWA. The IWA includes in the statutory definition of "employer," "any person acting within the scope of his or her authority express or implied on behalf of [a school district] in dealing with its employees." 740 ILCS 174/5. Most courts in this District have held that "the plain language of the IWA allows for individual liability" for supervisors. *Corona v. City of Chi.*, No. 21 CV 6777, 2023 WL 5671661, at *9 (N.D. Ill. Aug. 31, 2023). Taking Plaintiff's allegations as true, Bodi was Plaintiff's supervisor. Bodi's authority as a supervisor, and the scope of any liability, is an issue that can be tested in discovery.

Second, Defendants argue that Bodi must be dismissed as an individual Defendant because Plaintiff's reference to Bodi is "just another way of pleading against the District" and is redundant. (Dkt. 16 at 3.) Defendant is correct that an official capacity suit represents another way of pleading against the government entity and is "to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff, however, does not specify whether Bodi is sued in his official or personal capacity. To determine whether a suit is brought in an official or personal capacity, the Court looks "at the relief that the plaintiff seeks: when the plaintiff seeks injunctive relief, then he has brought an official-capacity suit; when the plaintiff seeks damages, then his case is a personal-capacity suit." *Phillips v. Ill. Dep't of Fin. & Pro. Regul.*, 718 F. App'x 433, 435 (7th Cir. 2018). Where there is ambiguity, a District Court should allow the Plaintiff "an opportunity to amend his complaint and clarify the matter or to limit his claims to personal-capacity allegations." *Id.*

---

[2] Plaintiff sues "Jobi Bodi," but Defendants note that Bodi's name is properly spelled "Joby Bodi." (*Id.* at n.2.)

5

Whether Bodi is sued in his personal or official capacity is unclear. Plaintiff requests injunctive relief against Bodi and asks that Bodi reinstate Plaintiff as varsity wrestling coach and as a substitute teacher, which suggests that Bodi is sued in his official capacity. (Dkt. 1 at 7.) Plaintiff, however, also requests $500 in back pay, plus interest, emotional damages, and litigation costs, which suggests that Bodi is sued in his personal capacity. (*Id.*) Given this ambiguity, the Court will dismiss Count II without prejudice. Plaintiff is given leave to replead this Count to clarify the matter or to limit the claims against Bodi to personal-capacity allegations.

### D.   Counts III and IV: Plaintiff states plausible claims for racial harassment, discrimination and retaliation.

Defendants argue that Counts III and IV should be dismissed because Plaintiff does not allege every element of the claims under Title VII. (Dkt 16 at 7–10.) But at this stage, Plaintiff must merely state plausible claims and need not allege every element. *See Chapman*, 875 F.3d at 848; *Thomas*, 120 F.4th at 1337. Plaintiff states plausible claims that he suffered discrimination, harassment, and retaliation for reporting the racially-motivated bullying. That is sufficient to survive a motion to dismiss.

### E.   Count V: Plaintiff's First Amendment retaliation claim against Plainfield is dismissed without prejudice.

In Count V, Plaintiff brings a First Amendment retaliation claim against Plainfield. Although the Complaint is not clear, the Court presumes, as do the parties, that this claim is brought under 42 U.S.C. § 1983. Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a municipal entity such as a school district can be liable only for constitutional violations that are "properly attributable to the municipality itself." *First Midwest Bank v. City of Chi.*, 988 F.3d 978, 986 (7th Cir. 2021). To plead municipal liability, and to survive a motion to dismiss, Plaintiff must allege that an express policy, a widespread practice, or a person with final policymaking authority deprived him of a constitutional right. *See Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023).

Plaintiff does not allege that an express policy or widespread practice led to his injury. Plaintiff also does not allege that a person with final policymaking authority deprived him of a constitutional right. Rather, in his Opposition, Plaintiff argues that the Plainfield School District (an entity) had final policy-making authority. (Dkt. 21 at 12.) That is insufficient to state a claim. For the third *Monell* prong, Plaintiff must identify a person with final policymaking authority, not merely an "entity." *See Billups-Dryer v. City of Dolton*, No. 20 C 1597, 2022 WL 1693486, at *5 (N.D. Ill. May 26, 2022). Count V is thus dismissed without prejudice, and Plaintiff is given leave to replead to satisfy the *Monell* standard.

Counts III, IV, and V do not specify under what causes of action those claims arise. Both parties operate under the presumption that Counts III and IV arise under

6

Title VII of the Civil Rights Act and that Count V is brought under § 1983, but the answer is unclear. If Plaintiff chooses to file an amended complaint, it would be beneficial to identify the causes of action with greater clarity.

### IV. Conclusion

Defendant's motion to dismiss is granted in part and denied in part. Counts II and V are dismissed without prejudice and with leave to replead. Defendants' motion to dismiss is otherwise denied.

SO ORDERED in No. 23-cv-03913.

Date: December 18, 2024

JOHN F. KNESS
United States District Judge